UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | | |
|---|---|---|
| SARAH E. CUMMINGS, on behalf of herself and all other similarly situated,<br><br>  Plaintiff<br><br>  v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA – COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TEACHERS' INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), and TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC,<br>  Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Docket No. 1:12-cv-93 |

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF
PROPOSED CLASS ACTION SETTLEMENT AND
<u>FOR CERTIFICATION OF THE SETTLEMENT CLASS</u>**

Pursuant to Federal Rule of Civil Procedure 23(e), Plaintiff respectfully moves the Court to: (a) preliminarily approve the proposed settlement of the above-captioned class action; (b) schedule a hearing to consider whether the proposed settlement is fair, reasonable, and adequate; (c) direct notice of the proposed settlement and hearing to the Class in substantially the form of Exhibit I hereto and in the manner described herein; and (d) certify the proposed settlement class.

In connection with the requested preliminary approval, Plaintiff also requests that the court resolve an issue concerning for the composition of the Class. This issue -- whether certain

1

members of the class certified in the previous case of *Bauer-Ramazani v. TIAA-CREF*, No. 1:09-cv-190 (D.Vt.) are included in this class -- is not a condition of the parties' settlement, and the parties agree to administer the settlement, upon approval, based on the Court's ruling as to class composition.

## INTRODUCTION

The parties to this action have negotiated a proposed class-wide settlement that provides significant monetary relief to Class Members[1] whom Plaintiff claims were not paid the increase in the value of their accounts that occurred between three and seven calendar days after their request for a transfer or withdrawal of their funds from Defendants was deemed to be in good order and the time that Defendants actually processed their transfer or withdrawal requests. Under the terms of the proposed settlement, Defendants would pay $2.9 million into a settlement fund to be distributed to Settlement Class Members *pro rata* based on the amount of transaction fund expenses ("TFE") generated in connection with each Settlement Class Member's relevant transactions. In exchange, Plaintiff and the Settlement Class Members would release Defendants from claims that were or could have been raised in this lawsuit. The Class Action Settlement Agreement is attached as Exhibit I.

In the related Bauer-*Ramazani* case, claims brought by a class representative who was similarly situated to the Class were disposed of by the court on summary judgment. *See id.* at D.E. 146 and 186. After summary judgment was granted as to claimants whose claims had not been processed within three to seven calendar days of the "Good Order" date, the following class was certified as to others: All persons, including all 'persons' as defined by 29 U.S.C. § 1002(9), who at any time during the Class Period requested a transfer or distribution of funds held in a

---

[1] Unless otherwise stated, capitalized terms have the same meaning as ascribed to them in the Class Action Settlement Agreement.

CREF or TIAA variable annuity account covered by ERISA whose funds were not transferred or distributed within seven days of the date the account was valued and were denied the investment gains. Ultimately, the parties to the *Bauer-Ramazani* action reached a settlement agreement, which was approved by the Court, pursuant to which Defendants agreed to create a $19.5 million settlement fund to be distributed to the class representative and the settlement class. As a part of the settlement, the *Bauer-Ramazani* class members released Defendants from claims that were or could have been raised in that lawsuit.

### The Class Definition Issue

In documenting the settlement of the current *Cummings* case, an issue arose as to whether all *Bauer-Ramazani* class members are excluded from the Settlement Class. Cummings contends, as alleged in the operative complaint, that *Bauer-Ramazani* class members are not members of the Settlement Class, because they released any claims against Defendants arising from, *inter alia*, delays of three to seven days.[2]

The operative complaint defines the Cummings class as:

> All persons, including all "persons" as defined by 29 U.S.C. § 1002(9), who at any time during the Class Period requested a transfer or distribution of funds held in a TIAA or CREF variable annuity account: (i) whose request was not transmitted or settled in accordance within the time limits established by the Securities & Exchange Commission and industry practice; and (ii) whose funds generated investment gains during the period of delay; but (iii) excluding members of the class in *Rink v. CREF,* No. 07-CI-10761 (Ky. Cir.) and members of the class whose claims herein were entirely released in *Bauer-Ramazani v. TIAA-CREF,* No. 1:09-CV-190 (D. Vt.).

(D.E. 103 at ¶ 36.)

The *Bauer-Ramazani* class, as an element in the settlement of that case, released

---

[2] While Defendants contend that the plaintiffs in *Bauer-Ramazani* may have had certain transactions which make them eligible for membership in the Class, they acknowledge that by virtue of their settlement and releases, they are not eligible to receive a distribution from the Cummings settlement fund. Defendants will present their position in response to this motion.

Defendants from:

> any and all claims, liabilities, demands, causes of action, or lawsuits, debts, damages, costs, attorneys' fees, obligations, judgments, expenses, compensation, or liabilities known or unknown (including Unknown Claims), and whether anticipated or unanticipated, of whatever kind or nature, character, and description—whether legal, statutory, equitable, or of any other type or form, whether under state or federal law, and whether brought in a representative or any other capacity—that were or could have been raised in the Action.

See *Bauer-Ramazani,* D.E. 418-1 at ¶ 25.)

Plaintiff requests that the Court determine the members of the Class in *Bauer-Ramazani* are excluded from the Cummings class.

## Background

This litigation was commenced on May 10, 2012. Cummings filed a Complaint (the "Complaint") that asserts claims for monetary relief, injunctive relief, and statutory attorney's fees under the Employee Retirement Income Security Act of 1974 ("ERISA"), the Vermont Consumer Fraud Act, 9 Vt. Stat. Ann. §§ 2451 *et. seq.*, and states common law claims against the TIAA-CREF Defendants relating to the TIAA-CREF Defendants' processing of securities transactions.

Since that time, Parties commenced discovery, including, *inter alia*, the exchange of initial disclosures, and the production of documents. On October 15, 2014, Cummings filed a Second Amended Complaint, asserting that the TIAA-CREF Defendants engaged in self-dealing and breached their fiduciary duties under ERISA and common law by transacting securities transactions in a period greater than that permitted by federal regulations, or in accordance with industry norms, and with respect to their practices regarding the payment of transactional fund earnings or expenses ("TFE"). On March 13, 2015, the Court dismissed the state statutory and common law claims as preempted by ERISA. On October 8, 2015, Cummings filed a Third Amended Complaint seeking monetary relief, injunctive relief, and statutory attorney's fees from

4

the TIAA-CREF Defendants, asserting that the TIAA-CREF Defendants engaged in self-dealing and breached their fiduciary duties under ERISA by transacting securities transactions in a period greater than that permitted by federal regulations, or in accordance with industry norms, and with respect to their practices regarding the payment of TFE. The Defendants moved to dismiss the Third Amended Complaint and the motion is sub judice.

On November 11, 2015, the Parties participated in mediation before the Honorable Edward A. Infante (Ret.), a former Chief Magistrate Judge of the U.S. District Court, Northern District of California, in an effort to determine whether a consensual resolution of the case could be achieved prior to the expenditure of additional time and expense on the litigation.

The parties are well aware of the strengths and weaknesses of their respective positions and the proposed settlement is the result of years of litigation and hard-fought, arm's-length negotiations between the parties and their counsel. The outcome of the *Bauer-Ramazani* litigation – in particular, the fact that the Court granted summary judgment on similar claims – was an important factor in the parties' negotiations and the proposed settlement agreement. The strength of the pending motion to dismiss was another important factor in the parties' negotiations and the proposed settlement agreement. The benefits to the Settlement Class Members are particularly valuable considering the hurdles faced by Plaintiff and the Class in litigating the claims through trial and the likely appeal that would follow. In light of the hurdles, and the immediate benefits the settlement would provide the Class, the terms of the proposed settlement are well within "the range of reasonableness" and Plaintiff respectfully requests the Court to grant preliminary approval of the proposed settlement.

A.     **Defendants' Treatment of TFE Gains.**

Defendants refer to the date they receive a customer's request to transfer or distribute funds as the "Effective Date" or "Good Order Date" (assuming all necessary paperwork is in

good order), unless a future date is mutually agreed upon. The date that Defendants actually transfer or distribute a customer's funds as requested is the "Transaction Date" or "Processing Date." During the period from August 17, 2003 through January 31, 2016, Defendants had delays, of between three and seven calendar days, between the Effective Date and the Processing Date.

Because of market movements, the value of the CREF or TIAA variable annuity products in which customers invest can change between the Effective Date and the Processing Date. Defendants refer to the difference between the per unit value of a variable annuity account on the Effective Date and the per unit value on the Processing Date as "Transaction Fund Expenses" (sometimes "Transaction Fund Earnings") or "TFE" for short. TFE losses are generated when the per unit value of a variable annuity decreases between the Effective Date and the Processing Date of a transfer or withdrawal request; TFE gains are generated when the per unit value of a variable annuity increases in value between the Effective Date and the Processing Date.

When Defendants process a customer's transfer or withdrawal request, they pay the customer the value of his or her account as of the Effective Date, regardless of whether the variable annuity account increased in value or decreased in value between the Effective Date and the Processing Date. Plaintiff contends that Defendants' practice of keeping the TFE gains instead of paying them to the customer violates ERISA. Specifically, Plaintiff complains that by retaining the TFE gains, Defendants breached their fiduciary duty to act solely in the interests of participants and their beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries. (D.E. 103, 3rd Am. Complt. ¶¶ 61-62.) Defendants deny that they retained TFE gains for themselves and deny that they breached any fiduciary duties or otherwise did anything wrong, and contend, among other things, that they credited participants with the full value of their investments as calculated in accordance with the applicable prospectuses and federal law, and compensated participants with appropriate interest for any delays in the processing of individual transactions despite being under no obligation to do so.

B.   **Procedural History of This Litigation.**

In a related case, *Bauer-Ramazani v. TIAA-CREF*, No. 1:09-CV-190 (D. Vt.), claims brought by a class representative who was similarly situated to the Class were disposed of by the court on summary judgment. *See id.* at D.E. 139. Thereafter, the original complaint in this action was filed on May 10, 2012. (D.E. 1.) The named plaintiffs in the original complaint were Cummings and Duffy. Duffy was dropped from the Amended Complaint. Cummings filed the operative complaint, the Third Amended Complaint, on October 8, 2015. (D.E. 103.) The Third Amended Complaint asserts three claims against Defendants for: (1) allegedly breaching their fiduciary duty of care, skill and diligence pursuant to ERISA § 404 (Count I); (2) allegedly breaching their fiduciary duty of loyalty pursuant to ERISA § 404 (Count II); and (3) allegedly engaging in prohibited transactions pursuant to ERISA § 406 (Count III).

On November 11, 2015, the Parties participated in mediation before the Honorable Edward A. Infante (Ret.) in an effort to determine whether a consensual resolution of the case could be achieved prior to the expenditure of additional time and expense on the litigation.

Following lengthy and hard-fought negotiations, on November 25, 2015 the parties agreed to the terms of a proposal by the mediator, which they subsequently memorialized in a settlement agreement. A true and correct copy of the Settlement Agreement is submitted herewith as <u>Exhibit I</u>. The outcome of similar claims raised and disposed of at the summary judgment stage in the *Bauer-Ramazani* litigation was an important factor in the parties' negotiations and the proposed settlement agreement.

C.   **Proposed Settlement Terms.**

1.   <u>The Class</u>.

a.   (Plaintiff's definition). The proposed settlement would provide relief to the Class defined as:

> All persons, including all 'persons' as defined by 29 U.S.C. § 1002(9), who at any time during the Class Period requested (i) a transfer of units or shares held in one or more TIAA or CREF variable annuity accounts to an account external to TIAA, or (ii) a full or partial redemption of funds held in one or more TIAA or CREF variable annuity

7

accounts, whose Funds were not invested, transferred or distributed between three and seven calendar days from the Effective Date, and who did not receive investment gains for the period between the Processing Date and the Effective Date of the Transaction, and excluding members of the class in *Bauer-Ramazani v. TIAA-CREF*, No. 1:09-CV-190 (D. Vt.)

(Ex. I, ¶ 7a.)

b. (Defendants' definition). The proposed settlement would provide relief to the Class defined as:

All persons, including all 'persons' as defined by 29 U.S.C. § 1002(9), who at any time during the Class Period requested (i) a transfer of units or shares held in one or more TIAA or CREF variable annuity accounts to an account external to TIAA, or (ii) a full or partial redemption of funds held in one or more TIAA or CREF variable annuity accounts, whose Funds were not invested, transferred or distributed between three and seven calendar days from the Effective Date, and who did not receive investment gains for the period between the Processing Date and the Effective Date of the Transaction.

(Ex. I, ¶ 7b.)

The Class Period is the period from August 17, 2003 through January 31, 2016. For purposes of settlement only, the TIAA-CREF Defendants will not oppose certification of the Class, the service of Sarah E. Cummings as Class Representative Plaintiff or Gravel & Shea PC and Kozyak Tropin & Throckmorton, LLP as Class Counsel.

2. <u>Monetary and Non-Monetary Relief</u>.

The proposed settlement affords these Class Members significant relief through monetary payments by Defendants. (Ex. I ¶¶ 36.) Pursuant to the Settlement Agreement, Defendants would pay $2.9 million into a Settlement Fund. (*Id.*) In addition, due in part to the prosecution of the Action, Defendants have made significant investments between May 2012 and the present for enhancements to the TIAA-CREF Defendants' transaction processing systems. A declaration of Paul J. Van Heest, Executive Vice President in the TIAA and CREF Income Products group, describing the nature and approximate dollar value of these investments is submitted herewith as <u>Exhibit II</u>.

The $2.9 million settlement fund will be distributed as follows: first, the Court will approve, in its discretion, an award of up to $10,000 to the Class Representative for her service in pursuing this lawsuit, and a payment to Class Counsel for its attorneys' fees and expenses up to $982,000; second, the costs of administering the class will be paid to the Class Administrator; and, third, from the remainder, each Settlement Class Member will be paid his or her *pro rata* share of the Settlement Payment based on the proportion that that Settlement Class Member's claim of Qualifying Transactions bears to the total of all Settlement Class Members' claims, except that no Settlement Class Member shall be entitled to any payment or distribution under this Agreement if his or her *pro rata* share of the Settlement Payment is less than four dollars ($4.00). (Ex. I ¶¶ 67.) Settlement Class Members need not submit any claim form to receive payment. (*See id.*)

Payments shall be made to Class Members in the form of a check payable directly to each Class Member. Settlement Payment checks shall be sent via first-class mail, postage prepaid to the addresses maintained by the Settlement Administrator. (*Id.* ¶ 68.) Settlement Class Members will have 180 days in which to cash the checks. (*Id.*) If a Settlement Class Member is unable to be located after these steps or does not cash his or her check within 180 days, then the amount that would be paid to the Settlement Class Member shall be deposited into a *cy pres* account. (*Id.* at ¶ 70.) All Administrative Expenses of the Settlement Administrator shall be paid from the Settlement Fund, except that Defendants shall pay an amount up to $15,000 to defray the cost of mailing checks to eligible Settlement Class Members. (*Id.* at ¶ 74) and the cost of mailing notice to certain members of the class in *Bauer-Ramazani v. TIAA-CREF*, Case No. 1:09-cv-190 (D. Vt.) if appropriate.

In addition to the monetary relief described above, Defendants acknowledge that they invested approximately $80 million ($80,000,000) to enhance their systems for transaction

9

processing. Defendants further state their intent to invest additional funds over the next three (3) years to enhance and improve their transaction processing systems and customer experience. Defendants acknowledge that such investments and enhancements are due in part to the prosecution of the Action, and believe that these investments and enhancements will enhance transaction processing times. (*Id.* at ¶ 72.)

       3.    <u>Release of Claims Against Defendants</u>.

In exchange for the relief provided by the proposed settlement, Plaintiff and Settlement Class Members will release Defendants, and, among others, their parents, affiliates, subsidiaries, predecessors, successors, officers, directors, employees, agents, and insurers, from all claims, liabilities, demands, causes of action, or lawsuits, debts, damages, costs, attorneys' fees, obligations, judgments, expenses, compensation, or liabilities known or unknown (including Unknown Claims), and whether anticipated or unanticipated, of whatever kind or nature, character, and description – whether legal, statutory, equitable, or of any other type or form, whether under state or federal law, and whether brought in a representative or any other capacity – that were or could have been raised in the Action. (*Id.* at ¶ 30.) In addition, this action is to be dismissed with prejudice.

       4.    <u>Class Notice</u>.

Class Members will receive notice of the proposed settlement by mail at their last address in the form of notice approved by the Court, and as described in the Settlement Agreement. (*See id.* at ¶¶ 57, 58.)[3] The initial mailing of the notice will occur no later than forty (40) days after entry of an order preliminarily approving the proposed settlement. (*Id.* at ¶ 58.) Class Counsel will also post the notice on an internet website (www.cummingssettlement.com). (*Id.* at ¶ 59.)

---

[3] Plaintiff's proposed Notice is attached as Exhibit IIIa. Defendants' proposed Notice is attached as Exhibit IIIb.

5.      Exclusion from the Settlement.

Class members may exclude themselves from the settlement by sending a request for exclusion to the Settlement Administrator postmarked no later than forty-five (45) days prior to the Fairness Hearing set by the Court. (*Id.* at ¶ 80.) If more than five percent (5%) of Class Members request to exclude themselves from the settlement, then Defendants will have the option in their sole discretion to terminate the settlement prior to final approval by the Court. (*Id.* at ¶ 81.)

6.      Class Counsel Fees and Expenses and Named Plaintiff Service Award.

Under the proposed settlement, subject to court approval, Defendants agree to pay Class Counsel an amount up to $982,000 for fees and expenses incurred in connection with this litigation. (*Id.* at ¶¶ 4, 77). This sum shall be paid from the Settlement Fund. This amount is less than Class Counsel's actual billable time and out of pocket expenses.

The Class Representative shall be paid up to ten thousand dollars ($10,000) as a service award, subject to the Court's approval, without objection from the Defendants. The payment shall be made from the Settlement Fund. (*Id.* at ¶ 78.)

7.      Plaintiff has engaged Kurtzman Carson Consultants to serve as Settlement Administrator, and requests the Court approve the appointment, as reflected in the proposed order submitted herewith, Exhibit IV.

**D.      Proposed Schedule.**

Consistent with the terms of the Settlement Agreement, the parties propose the following schedule for notice to the Class, requests for exclusions, filing of objections, filing of Plaintiff's motion for final approval and entry of judgment, and the Fairness Hearing:

| Event | Proposed Deadline |
|---|---|
| Defendants' Provision of Class Member Information to Settlement Administrator (*see* Order ¶ 18) | 20 days after entry of Preliminary Approval Order |
| Posting of Notice on Website (*Id.*) | 30 days after entry of Preliminary Approval Order |
| Initial Mailing of Notice (*Id.*) | 40 days after entry of Preliminary Approval Order |
| Postmark Requests for Exclusion (*Id.*) | 45 days prior to the Fairness Hearing |
| File Objections (*Id.*) | 45 days prior to the Fairness Hearing |
| File Proof of Mailing of Notice and List of Requests for Exclusion (*Id.*) | 21 days prior to the Fairness Hearing |
| File Motion for Final Approval and Entry of Judgment (*Id.*) | 14 days prior to the Fairness Hearing |
| Fairness Hearing (*Id.*) | No sooner than 180 days after entry of Preliminary Approval Order |

## ARGUMENT

### A.   The Proposed Settlement Meets the Criteria for Preliminary Approval.

Federal Rule of Civil Procedure 23(e) requires judicial approval for any compromise of claims, issues, or defenses brought on a class basis. Approval of a proposed class settlement is a matter within the broad discretion of the district court. *See, e.g., In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992); *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995). Voluntary resolution of litigation through settlement is favored by federal courts and "this is particularly true in class actions." *In re Prudential*, 163 F.R.D. at 209; *see also In re U.S. Oil & Gas Litig.*, 967 F.2d at 493.

Preliminary approval is the first step in the two-step process of approving a class action settlement. *See In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y

1997); *Manual for Complex Litig.* ("MCL") § 21.632 (4th ed. 2004). First, the Court conducts a preliminary review of the proposed settlement "to determine whether it is sufficient to warrant public notice and a hearing." MCL § 13.14. At the preliminary approval stage, the court makes "a preliminary determination of the fairness, reasonableness, and adequacy of the settlement terms." MCL § 21.632. The primary question raised by a request for preliminary approval is whether a proposed settlement is "within the range of reasonableness" of settlements that could ultimately merit final approval. *See id.* § 40.42; *see also In re Prudential*, 163 F.R.D. at 210 ("At this stage of the proceeding, the Court need only find that the proposed settlement fits 'within the range of possible approval'") (citation omitted). Preliminary approval "is at most a determination that there is what might be termed 'probable cause' to submit the proposed to class members and hold a full-scale hearing as to its fairness." *Menke v. Stolt-Nielsen, S.A.*, 270 F.R.D. 80, 101 (D. Conn. 2010) (quoting *In re Traffic Exec. Ass'n – E. R.R.s*, 627 F.2d 631, 634 (2d Cir. 1980)). Preliminary approval is appropriate where the proposed settlement "is the result of serious, informed, and non-collusive negotiations, where there are no grounds to doubt its fairness and no other obvious deficiencies . . . , and where the settlement appears to fall within the range of possible approval." *Allen v. Dairy Farmers of Am., Inc.*, No. 5:09-cv-230, 2011 WL 1706778 (D. Vt. May 4, 2011) (quoting *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 33 (E.D.N.Y. 2006)); *see also In re NASDAQ*, 176 F.R.D. at 102.

In considering a proposed settlement, the court need not reach any ultimate conclusions on the substantive factual or legal issues of plaintiff's claims. *See Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). "It is not necessary in order to determine whether an agreement of settlement and compromise shall be approved that the court try the case which is before it for settlement . . . . Such procedure would emasculate the very purpose for which settlements are

made." *Id.* The court should not make the parties "justify each term of settlement against a hypothetical or speculative measure of what concession might have been gained; inherent in compromise is a yielding of absolutes and an abandoning of highest hopes." *Milstein v. Werner*, 57 F.R.D. 515, 524-25 (S.D.N.Y. 1972).

        1.    <u>The Proposed Settlement Is Entitled to a Presumption of Fairness.</u>

As an initial matter, even before application of the above factors, a proposed settlement is entitled to a presumption of fairness if it is the result of "arm's-length negotiations by experienced, capable counsel after meaningful discovery." *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009). The proposed settlement here is entitled to such a presumption of fairness. The settlement negotiations were adversarial, conducted at arm's-length at all times, and facilitated by an experienced mediator. The negotiations were conducted by competent, knowledgeable counsel on both sides. Plaintiff's counsel have extensive experience in complex class action litigation and, in entering into the Settlement Agreement on behalf of their client and the Class, determined that the proposed compromise is fair under all the circumstances, including the substantial monetary compensation offered and the risk, expense and delay of continued litigation. The negotiations were similarly handled on the defense side by respected and experienced counsel who regularly handle similar complex matters. Additionally, the negotiations were conducted after Plaintiff had conducted substantial, meaningful discovery. Finally, the parties gave due consideration to the outcome of the *Bauer-Ramazani* litigation in their negotiations of the proposed settlement agreement. A review of the proposed settlement terms confirms the presumption of fairness.

        2.    <u>The Proposed Settlement Falls Within the Range of Possible Final Approval.</u>

The proposed settlement is well within the range of terms warranting final approval and, accordingly, should be granted preliminary approval. The settlement provides substantial

benefits to the Class in the form of a $2.9 million interest-bearing Settlement Fund, plus Defendants have invested approximately 80 million dollars ($80,000,000) to enhance their systems for transaction processing due in part to the prosecution of this Action. Defendants represent that these investments and enhancements will alleviate transaction processing issues.

The $2.9 million amount represents almost a third of the TFE gains Defendants contend are associated with Class Members' Qualifying Transactions where, during the Class Period, Class Members requested a transfer or distribution of funds invested in CREF or TIAA variable annuity products and there were processing delays of three to seven calendar days. Plaintiff and Class Counsel believe this is a fair, reasonable, and adequate figure based on their understanding of the strengths and weaknesses of the parties' respective positions, the evidence, and the likelihood of protracted litigation if a negotiated resolution was not reached.

### B. The Proposed Notice Plan Is Reasonable.

Federal Rule of Civil Procedure Rule 23(e) requires "notice in a reasonable manner to all class members who would be bound by the [settlement] proposal." A trial court is vested with considerable discretion under Rule 23(e) in fashioning the content and manner of notice given to the class members. *See In re Agent Orange Prods. Liab. Litig.*, 818 F.2d 145, 168 (2d Cir. 1987) (district courts have "considerable discretion . . . in fashioning notice to a class"); 7B Charles A. Wright et al., *Federal Prac. & Procedure* § 1797.6 (3d ed. 2005) (noting that courts have "complete discretion in determining what constitutes a reasonable notice scheme, both in terms of how notice is given and what it contains").

As a general rule, a Rule 23(e) notice should: (1) define the class; (2) summarize the essential terms of the proposed settlement; (3) describe the options available to class members under the proposed settlement, along with any deadlines for exercising those options; (4) disclose any requests for attorneys' fees and special benefits to the class representatives; (5) indicate the

time and place of the fairness hearing and describe its purpose; (6) describe the procedures for filing objections and being excluded from the settlement; (7) describe how the settlement fund will be allocated and distributed; and (8) display contact information for class counsel. *See* MCL § 21.312. Here, the content of the proposed notice satisfies these guidelines. (*See* Ex. III.)

The parties propose the manner of notice described above, which they agree is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice. Accordingly, the Court should approve both the form and content of the proposed notice and the manner of distribution proposed by the parties.

C.      **The Court Should Certify the Proposed Settlement Class**

It has been widely recognized by the Second Circuit Court of Appeals and the United States Supreme Court that a class may be certified solely for purposes of settlement. *In re Host Am. Corp. Sec. Litig.*, No. 05-CV-1250 (VLB), 2007 WL 3048865, at *1 (D. Conn. Oct. 18, 2007). "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Id.* quoting *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (U.S.1997). Nonetheless, the other specifications of Rule 23 remain intact. *Id.*

1.      <u>The Settlement Class Meets the Four Requirements of Rule 23(a).</u>

"Rule 23 is given liberal rather than restrictive construction, and courts are to adopt a standard of flexibility." *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997), quoting *Sharif ex rel. Salahuddin v. New York State Educ. Dep't.*, 127 F.R.D. 84, 87 (S.D.N.Y.1989).

Here, the Court certified a similar class in *Bauer-Ramazani* for purposes of litigation and settlement. The class certified in *Bauer-Ramazani* is materially the same as the Settlement Class at issue here. Rule 23(a)(1) requires Plaintiff demonstrate numerosity, commonality, typicality

and adequacy of representation. *See* Fed. R. Civ. P. 23(a). As in *Bauer-Ramazani*, the Settlement Class meets each of these requirements.

2. <u>The Settlement Class Meets the Requirements of Rule 23(b)(3).</u>

In addition to meeting the four requirements of Rule 23(a), a plaintiff seeking class certification must satisfy one subsection of Rule 23(b). Plaintiff here seeks certification under Rule 23(b)(3), under which certification is appropriate if (1) common questions of law or fact predominate over those affecting only individual class members and (2) class treatment is superior to other adjudication methods. *See* Fed. R. Civ. P. 23(b)(3).

Here, "[w]hether Defendants qualify as ERISA fiduciaries, and whether a delay in transferring ERISA accounts or keeping gains, when generated, on those accounts during the period of delay is a breach of that fiduciary duty are legal questions susceptible to classwide resolution." *Bauer-Ramazani*, D.E. 306 at pp. 14-15. These common issues predominate over any individual issue.

Moreover, a comprehensive resolution of the Settlement Class members' claims in this action would be far superior to litigating each of their claims separately. A class action is superior to other means of resolving class claims because individual suits are not economically feasible. Accordingly, the Court should certify the proposed class.

## CONCLUSION

Here, the proposed settlement is the product of arm's-length negotiations by counsel with significant experience in complex class action litigation and facilitated by an experienced and respected mediator, has no obvious deficiencies, and falls well within the range of reasonableness. Plaintiff respectfully asks that the Court enter an order granting preliminary approval of the proposed settlement, approving the form and content of the proposed notice and

manner of distribution, certifying the proposed class, and scheduling a Fairness Hearing at a time convenient for the Court.

Dated: July 27, 2016

/s/ Robert B. Hemley
Thomas A. Tucker Ronzetti, Esq.
Kenneth Hartmann, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor
Miami, FL  33134
tr@kttlaw.com
krh@kttlaw.com
and
Norman Williams, Esq.
Robert B. Hemley, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P.O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
nwilliams@gravelshea.com
rhemley@gravelshea.com
*For Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been served via electronic mail on July 27, 2016.

/s/ Robert B. Hemley

4329/101/1023093