## UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

SARAH E. CUMMINGS, on behalf of herself and
all others similarly situated,

       Plaintiff,

v.

TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA – COLLEGE
RETIREMENT AND EQUITIES FUND
(TIAA-CREF), COLLEGE RETIREMENT AND
EQUITIES FUND (CREF), TEACHERS
INSURANCE AND ANNUITY ASSOCIATION
OF AMERICA (TIAA), TIAA-CREF
INVESTMENT MANAGEMENT, LLC (TCIM),
TEACHERS ADVISORS, INC. (TAI), AND
TIAA-CREF INDIVIDUAL AND
INSTITUTIONAL SERVICES, LLC,

       Defendants.

Docket No. 1:12-cv-93

## ORDER GRANTING PRELIMINARY APPROVAL
## OF PROPOSED CLASS ACTION SETTLEMENT

This action involves claims for alleged violations of the Employee Retirement Income

Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").  Plaintiff claims that

Defendants violated their fiduciary duties under ERISA by paying participants the value of their

investment units on the date of receipt of their redemption or transfer request, where funds were

not invested, transferred or distributed within three and seven calendar days from the Effective

Date, and that they did not receive investment gains associated with these transfers or distributions

between the Processing Date and the Effective Date of the Transaction.  Defendants deny that they

breached any fiduciary duties to participants and further contend that transaction processing times

complied with federal securities regulations and were in accord with industry practice, and that

they credited participants with the full value of their investments required by law.  The parties have

reached a proposed settlement. The terms of the Settlement are set out in a Settlement Agreement executed by Defense and Class Counsel ("Settlement Agreement") on July 21, 2016.[1]

The Court has preliminarily considered the proposed settlement to determine, among other things, whether it is sufficient to warrant the issuance of notice to members of the Class. Upon reviewing the Settlement Agreement, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.    **Class Definition.**    The Court approves, for purposes of settlement only, certification of the Action as a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All persons, including all 'persons' as defined by 29 U.S.C. § 1002(9), who at any time during the Class Period requested (i) a transfer of units or shares held in one or more TIAA or CREF variable annuity accounts to an account external to TIAA or (ii) a full or partial redemption of funds held in a TIAA or CREF variable annuity account whose Funds were not invested, transferred or distributed between three and seven calendar days from the Effective Date, and who did not receive investment gains for the period between the Processing Date and the Effective Date of the Transaction.

The Class Period is the period from August 17, 2003 through January 31, 2016. The proposed settlement would resolve the claims of Plaintiff and the proposed Class.

2.    **Conditional Settlement Class Certification.**    The Court finds that, for the sole purpose of settlement and without an adjudication on the merits, that all requirements pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) are met for certification of the Class.

3.    **Class Representative.**    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, Plaintiff Sarah Cummings ("Plaintiff") is certified as the Class Representative.

---

[1]    Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

4.    **Preliminary Findings Regarding Proposed Settlement.** The Court preliminarily finds that: (a) the proposed settlement resulted from arm's-length negotiations, including mediation; (b) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Plaintiff's claims and Defendants' defenses to Plaintiff's claims; and (c) the proposed settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed settlement to the Class. Having considered the essential terms of the proposed settlement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the proposed settlement should be given notice and an opportunity to be heard regarding final approval of the proposed settlement.

5.    **Fairness Hearing.** A hearing is scheduled for __May 18__, 2017, __at 10:00 a.m.__ the "Fairness Hearing") to determine among other things:

a.    Whether the proposed settlement warrants final approval as fair, reasonable and adequate;

b.    Whether the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement thereby permanently barring and enjoining all Class Members from commencing, instituting or prosecuting any action or other proceeding in any forum, or asserting any Released Claims against any of the Released Parties (as defined in the Stipulation);

c.    Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

    d.      Whether the proposed allocation and distribution of the Settlement Fund should be approved; and

    e.      Whether the application for attorneys' fees and expenses and the service award to Plaintiff are fair and reasonable and should be approved.

    6.    **Settlement Administrator.** The Court hereby approves the selection of Kurtzman Carson Consultants, 2 North LaSalle Street, Mezzanine Level, Chicago, Illinois 60602, (312) 768-5499, as the Settlement Administrator.

    7.    **Form of Class Notice.** The parties have presented to the Court a proposed notice to be sent via first-class mail, postage prepaid, and published on the internet ("Notice"; Exhibit 2 to this Order). Class Counsel will post the notice and the Settlement Agreement on the previously established website (www.cummingssettlement.com). The Court hereby approves, as to form and content, the proposed Notice. The Court finds that such form fairly and adequately: (a) describes the terms and effect of the proposed settlement and the plan of allocation and distribution; (b) notifies the Class that Class Counsel will seek approval of attorneys' fees and expenses to be paid from the Settlement Amount, and for a service award of $10,000 for the Class Representative for her service in such capacity; (c) gives notice to the Class of the time and place of the Fairness Hearing; and (d) describes how the recipients of the Notice may exclude themselves from or object to the proposed settlement.

    8.    **Manner of Class Notice.** The parties have proposed the following manner of communicating the Notice to the Class, and the Court finds that such proposed manner is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice and meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law. Accordingly, the Court directs that:

a.   Within twenty (20) days after entry of this Order, Defendants shall identify and
provide to the Settlement Administrator, as are reasonably available to Defendants
through Defendants' current records, the names of Class Members, their last known
addresses to which the Class Settlement Notice shall be sent, and their social
security numbers. Such provision to the Settlement Administrator shall be in
electronic format (e.g., in spreadsheet or database format). Such information shall
be used exclusively and solely for purposes of providing notice and administering
and distributing the Settlement Amount and shall be subject to the terms of the
Protective Order entered in this action.

b.   Within forty (40) days after entry of this Order, the Settlement Administrator will
cause the Notice, with such non-substantive modifications thereto as may be agreed
upon by the parties, to be mailed, by first-class mail, postage prepaid, to the last
known address of each Class Member who can be identified by reasonable effort.

c.   Within thirty (30) days after entry of this Order, Class Counsel shall post the Notice
with such non-substantive modifications thereto as may be agreed upon by the
Parties, the Stipulation, and this Order on the website,
www.cummingssettlement.com.

d.   On or before twenty-one (21) days before the Fairness Hearing, Class Counsel shall
file with the Court proof of timely compliance with the foregoing mailing and
publication requirements.

9.   **Notice and Administration Expenses.** The expenses of printing, mailing, and
publishing all notices required hereby and expenses of otherwise administering the proposed

settlement shall be paid exclusively from the Settlement Fund or otherwise, as indicated in the Settlement Agreement.

10.     **Exclusion from Settlement.**  Class Members may exclude themselves from the proposed settlement by sending a written request for exclusion, postmarked no later than forty-five (45) days before the Fairness Hearing to the Settlement Administrator at the address set forth in the Notice.  Any request for exclusion must include the following information, without which it is invalid:  (a) the complete legal name of each person who wishes to be excluded; (b) each person's mailing address; (c) a statement that the person wishes to be excluded from the settlement; and (d) the person's signature or, if the person is unable to sign, his/her legal representative or guardian's name and signature.  The request for exclusion must be sufficiently legible such that the Settlement Administrator can identify the Class Member seeking to be excluded.   Class Counsel shall facilitate the filing of a list of Class Members who have submitted requests for exclusion no later than twenty-one (21) days before the Fairness Hearing.

11.     **Objections to Settlement.**   The Court will consider written comments or objections to the proposed settlement, to the proposed award of attorneys' fees and expenses, or to the request for a service award for the Plaintiff only if such written comments or objections are filed with the Clerk of Court on or before forty-five (45) days before the Fairness Hearing, comply with the requirements of Paragraph 12 below, and are served on the Parties at the following addresses:

> For Filing with the Court:
> *Re: Case No. 1:09-cv-190*
> Clerk of Clerk
> U.S. District Court for the District of Vermont
> United States Courthouse
> P.O. Box 998
> Brattleboro, VT 05302-0998

To Class Counsel:
Tucker Ronzetti
Kenneth R. Hartmann
Kozyak, Tropin & Throckmorton, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134

To Defendants' Counsel:
Lori A. Martin
WilmerHale LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

12.     The Court will only consider written comments and objections to the Settlement

that are signed by the Settlement Class member and are timely filed with the Court and include all

of the following:  (i) the case name and number of this lawsuit, which is *Cummings v. TIAA-CREF*

*et al.,* Case No. 1:12-cv-93; (ii) the objecting Class Member's name, address, telephone number;

(iii) a sentence confirming that he or she is a Class Member; and (iv) the specific objection(s) that

he or she is making and an explanation for the objection(s).  Any Class Member or other person

who does not timely file and serve a written objection complying with the terms of this paragraph

shall be deemed to have waived, and shall be foreclosed from raising, any objection to the

proposed settlement, including any right to appeal.  Defendants' counsel and Class Counsel shall

promptly furnish each other with copies of any and all objections that come into their possession.

13.     **Motion for Final Approval.**  Plaintiff shall file and serve her motion for final

approval of the proposed settlement and papers in support thereof and Class Counsel's

applications for attorneys' fees, expenses, and the service award to the Class Representative no

later than fourteen (14) days before the Fairness Hearing.  If the Court grants final approval of the

Stipulation and enters the Final Order and Judgment, all Settlement Class Members and shall be

bound by the Final Order and Judgment.

14.    **Termination of Settlement.** This Order shall become null and void, *ab initio,* and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions as of the day immediately before the parties executed the Settlement Agreement, if the settlement is terminated in accordance with the terms of the Settlement Agreement. The parties shall promptly provide notice to the Court if the Settlement Agreement is terminated.

15.    **Use of Order.** This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the parties. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability and Defendants specifically deny any such fault, breach, liability, or wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Class that their claims lack merit or that the relief requested in the action is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Stipulation is terminated.

16.    **Jurisdiction.** The Court hereby retains jurisdiction for purposes of implementing the proposed settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

17.    **Continuance of Fairness Hearing.** The Court reserves the right to continue the Fairness Hearing without further mailed, or published notice to the Class.

- 8 -

18.     **Schedule.**  Accordingly, the Court enters the following schedule for class notice, requests for exclusion, objections, briefing, and the Fairness Hearing:

| Event | Deadline |
|---|---|
| Defendants' Provision of Class Member Information to Settlement Administrator | 20 days after entry of this Order |
| Posting of Notice on Website | 30 days after entry of this Order |
| Initial Mailing and Emailing of Notice | 40 days after entry of this Order |
| Postmark Requests for Exclusion | 45 days prior to the Fairness Hearing |
| File Objections | 45 days prior to the Fairness Hearing |
| File Proof of Mailing of Notice and List of Requests for Exclusion | 21 days prior to the Fairness Hearing |
| File Motion for Final Approval and Application for Attorneys' Fees and Expenses and Service Awards for Named Plaintiffs | 14 days prior to the Fairness Hearing |
| Fairness Hearing | May 18, 2017 |

SO ORDERED this the 24th day of August, 2016.

/s/ J. Garvan Murtha
J. GARVAN MURTHA
UNITED STATES DISTRICT JUDGE