U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 MAY 24   PM 1: 13

CLERK

BY _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

SARAH E. CUMMINGS, on behalf of herself and
all others similarly situated,

            Plaintiff,

    v.

TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA – COLLEGE
RETIREMENT AND EQUITIES FUND
(TIAA-CREF), COLLEGE RETIREMENT AND
EQUITIES FUND (CREF), TEACHERS
INSURANCE AND ANNUITY ASSOCIATION
OF AMERICA (TIAA), TIAA-CREF
INVESTMENT MANAGEMENT, LLC (TCIM),
TEACHERS ADVISORS, INC. (TAI), AND
TIAA-CREF INDIVIDUAL AND
INSTITUTIONAL SERVICES, LLC,

            Defendants.

Docket No. 1:12-cv-93

## ORDER GRANTING FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

This action involves claims for alleged violations of the Employee Retirement Income

Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").  Plaintiff claims that

Defendants violated their fiduciary duties under ERISA by paying participants the value of their

investment units on the date of receipt of their deposit or transfer request, where funds were not

invested, transferred or distributed between three and seven business days after the date of receipt.

Defendants deny that they breached any fiduciary duties to participants and further contend that

transaction processing times complied with federal securities regulations and were in accord with

industry practice, and that they credited participants with the full value of their investments

required by law. The parties have reached agreement on a proposed settlement.  The terms of the

settlement are set out in Settlement Agreement executed by Defense and Class Counsel ("Settlement Agreement") on July 21, 2016, which is incorporated herein by reference.

The Court has considered the Settlement and conducted a hearing to determine whether the Settlement is fair, reasonable, and adequate under the circumstances. Upon reviewing and considering the pleadings and documents filed in this action, Plaintiff's Motion for Final Approval, the evidence submitted by the parties, the arguments of counsel, and the Settlement Agreement, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.     The Court has jurisdiction over the subject matter of this action and all parties to the action, including all Class Members.

2.     The Court previously certified a Class for settlement purposes. The Class is defined as:

> All persons, including all 'persons' as defined by 29 U.S.C. § 1002(9), who at any time during the Class Period requested (i) a transfer of units or shares held in one or more TIAA or CREF variable annuity accounts to an account external to TIAA, or (ii) a full or partial redemption of funds held in one or more TIAA or CREF variable annuity accounts, whose Funds were not invested, transferred or distributed between three and seven calendar days from the Effective Date, and who did not receive investment gains for the period between the Processing Date and the Effective Date of the Transaction.

The Class Period is the period from August 17, 2003 through January 31, 2016.

3.     Pursuant to Federal Rule of Civil Procedure 23(c)(3), all individuals within the Class, as defined in paragraph 2 above, and who have not excluded themselves by timely submitting a valid request for exclusion, as discussed in paragraph 5 below, are "Settlement Class Members."

4.     Notice of the Settlement was mailed, by first-class mail, postage prepaid, and published on an internet website. This notice constituted the best notice practicable under the circumstances and constituted valid, due, and sufficient notice to the Class of their rights and obligations, in compliance with Federal Rule of Civil Procedure 23 and due process.

5.      The list of persons excluded from the Settlement Class because they timely submitted valid requests for exclusion are attached hereto as Exhibit A. Those Class Members are hereby excluded from the Settlement, shall not receive any distribution of any portion of the Settlement Amount, and are not bound by the Settlement Agreement or this Order Granting Final Approval of Class Action Settlement and Final Judgment.

6.      The Court conducted a Fairness Hearing on May 24, 2017, to consider whether the Settlement warrants final approval as fair, reasonable, and adequate.

7.      The Court finds that: (a) the Settlement resulted from arm's-length negotiations, including mediation before a retired federal judge; (b) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Plaintiff's claims and Defendants' defenses to Plaintiff's claims; and (c) the Settlement is fair, reasonable, and adequate.

8.      The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions. This Final Order and Judgment incorporates and makes part hereof the Settlement Agreement filed with this Court on July 27, 2016. Unless otherwise defined in this Final Order and Judgment, the capitalized terms herein have the same meaning as they have in the Settlement Agreement.

9.      Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members are bound by this Order Granting Final Approval of Class Action Settlement and Final Judgment, and by the terms of the Settlement Agreement.

10.      The Releasors, including Plaintiff and all Settlement Class Members, are hereby: (a) deemed to have fully, finally, and forever released, relinquished, and discharged the Released

Claims against the Released Settling Parties, as set forth in paragraphs 42 through 47 of the Settlement Agreement; (b) forever barred and permanently enjoined from asserting, instituting, or commencing, either directly or indirectly, any of the Released Claims against any of the Released Settling Parties; and (c) shall be and are deemed bound by the Settlement Agreement and this Final Order and Judgment, this Final Order and Judgment, including the release of all Released Claims against all Released Parties, shall have *res judicata* and other preclusive effect in all pending and future lawsuits, arbitrations or other proceedings maintained by or on behalf of, Plaintiff and all other members of the Class, as well as their respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns.

11.     The Court approves Plaintiff's request for $982,000 in Attorneys' Fees and Costs to be paid to Class Counsel from the Settlement Fund according to the terms of the Settlement Agreement. The Court finds that this amount is reasonable under the circumstances and in light of the monetary and other benefits the Settlement provides to the Settlement Class.

12.     The Court also approves Plaintiff's request for a $10,000 Service Award to be paid to the Class Representative from the Settlement Fund according to the terms of the Settlement Agreement. In light of her investment of time and ongoing commitment to the case, the Class Representative warrants a service award for her contributions to this action. The Court finds that this amount is reasonable given the time and effort of the Class Representative and the outcome she has helped achieve for the Class.

13.     Consistent with the provisions of the Settlement Agreement governing the timing for performance, the parties are directed to perform the Settlement Agreement according to its

terms and consistent with all additional terms set forth in this Order Granting Final Approval of Class Action Settlement and Final Judgment, or any other subsequent order of the Court.

14.     Without affecting the finality of this Order Granting Final Approval of Class Action Settlement and Final Judgment in any way, the Court hereby retains continuing jurisdiction over the implementation, administration, and enforcement of this Final Judgment, the Stipulation, and all matters ancillary thereto.

15.     All requirements of the Class Action Fairness Act, 29 U.S.C. § 1711 *et seq.*, have been met.

16.     This Action and all claims that were or could have been raised therein whether asserted by Plaintiff's on her own behalf or on behalf of the Settlement Class are hereby dismissed with prejudice and without costs to any of the Settling Parties, other than as provided for in the Settlement Agreement.

17.     Class Counsel, Plaintiff, or Settlement Class Members may hereafter discover facts in addition to or different from those they know or believe to be true with respect to the Released Claims.  Such facts, if known by them, might have affected their decision to settle with Defendants or their decision to release, relinquish, waive, and discharge the Released Claims, or might have affected the decision of a Settlement Class Member not to object to the Settlement. Notwithstanding the foregoing, Plaintiff and each Settlement Class Member has hereby fully, finally, and forever settled, released, relinquished, and discharged all Released Settling Parties of the Released Claims.

18.     Plaintiff and each Settlement Class Member hereby waive any and all rights or benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other State, Territory, or

other jurisdiction.  Section 1542 of the California Civil Code provides:  "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

19.     Plaintiff and each Settlement Class Member shall hold harmless the Released Parties for any taxes due on funds once deposited in the Settlement Fund.

20.     Neither the Memorandum of Understanding executed by the parties on December 23, 2015 (the "MOU"), the Settlement Agreement nor this Final Order and Judgment, nor the facts or any terms of the Settlement, nor any negotiation, discussion, action or proceeding in connection with the MOU or Settlement Agreement, is to be considered in this or any other proceeding as evidence, or a presumption or inference, admission or concession by Defendants in the Action, of any fault, liability or wrongdoing whatsoever, or lack of any fault, liability or wrongdoing, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings.  Neither the MOU, the Settlement Agreement nor this Final Order and Judgment, nor the facts or any terms of the Settlement, nor any negotiation, discussion, action or proceeding in connection with the MOU or Settlement Agreement is admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the parties.  Neither the MOU, the Settlement Agreement nor this Final Order and Judgment, nor the facts or any terms of the Settlement, nor any negotiation, discussion, action or proceeding in connection with the MOU or Settlement Agreement shall be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability and Defendants specifically deny any such fault, breach, liability or wrongdoing.  Neither the MOU, the Settlement Agreement nor this Final Order and Judgment, nor the facts or any terms of the Settlement, nor any negotiation,

discussion, action or proceeding in connection with the MOU or Settlement Agreement shall be construed or used as an admission, concession, or declaration by or against Plaintiff or the Class that their claims lack merit or that the relief requested in the action is inappropriate, improper, or unavailable.  Neither the MOU, the Settlement Agreement nor this Final Order and Judgment, nor the facts or any terms of the Settlement, nor any negotiation, discussion, action or proceeding in connection with the MOU or Settlement Agreement shall be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated.  Notwithstanding the foregoing in this Paragraph 19, the Settlement Agreement and/or Final Order and Judgment may be introduced in any proceeding, whether in this Court or otherwise, as may be necessary to argue that the Settlement Agreement and/or Final Order and Judgment has res judicata, collateral estoppel or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and/or Final Order and Judgment.

21.     The binding effect of this Final Order and Judgment and the obligations of Plaintiff and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Final Order and Judgment that relates solely to the issue of Plaintiff's Counsel's (or any other counsel's) application for an award of attorneys' fees and expenses.

22.     The Settlement Administrator shall have final authority to determine the share of the Settlement Amount to be allocated to each Settlement Class Member.

23.     With respect to payments or distributions to Settlement Class Members, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in his, her, or its sole and exclusive discretion.

24.     With respect to any matters that arise concerning distributions to Settlement Class Members (after allocation decisions have been made by the Settlement Administrator in his, her, or its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator after consultation with the parties and their counsel.

25.     At a reasonable date following the issuance of all settlement payments to Settlement Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment.

26.     Without further order of the Court, the parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

27.     Upon entry of this Order, all Settlement Class Members shall be bound by the Settlement Agreement and by this Final Order.

28.     The Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment forthwith.

IT SO ORDERED this the 24th day of May, 2017.

WILLIAM K. SESSIONS III
UNITED STATES DISTRICT JUDGE

JUDGMENT ENTERED ON DOCKET
DATE: 5-24-2017

- 8 -